IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY B. MITCHELL,

    Plaintiff,

  v.                                                                                          No. CIV 15-0655 LH/CEG

STATE OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Motion to Review (Doc. 1). Plaintiff is incarcerated, appears pro se, and has filed an Application to Proceed in District Court Without Prepaying Fees or Costs, Financial Certificate ("IFP") (Doc. 4). As noted in a previous order, he asks this Court to review a state court habeas corpus proceeding and compel the state court to act on Petitioner's filings.

Because of the relief that Plaintiff requests, the Court has construed the motion as a petition seeking a writ of mandamus from this Court. A mandamus proceeding is a civil action for purposes of review under 28 U.S.C. § 1915(e)(2), *see Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996). The Court will grant the IFP motion, and thus the filing fee for this civil action is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will dismiss Plaintiff's petition.

The Court has the discretion to dismiss an in forma pauperis civil complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a

claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se petition, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's petition for writ of mandamus does not invoke this Court's subject matter jurisdiction. The mandamus statute, 28 U.S.C. § 1361, grants this Court the limited power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." § 1361. Defendant State of New Mexico is not a person or entity identified in the statute, and the Court has no authority under the statute to consider the relief sought. "[F]ederal courts have no authority to issue a writ of mandamus to a state court." *Stewart v. Hill*, 8 F. App'x 894, 895 (10th Cir. 2001) (citing *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992)). "Although we have not articulated our reasoning in our decisions holding that we lack authority to mandamus a state court or a state judge, that conclusion follows from the [All Writs Act] requirement that a writ be issued in aid of this court's appellate jurisdiction. The same rule applies with respect to a writ directed to a state district attorney." *In re Robinson*, No. 13-2089, slip ord. at 3 (10th Cir. June 27, 2013).

Even if the petition were construed as a complaint seeking an injunction, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (noting that pro se

2

plaintiff's characterization of claims is not dispositive), no relief is available.  Plaintiff's request for injunctive relief against the state court is barred by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances.  *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977).  By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  And although Petitioner does not specifically request a stay of proceedings, "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."  *Vendo*, 433 U.S. at 630; *see Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973).  Plaintiff's petition invokes none of the statutory exceptions and is therefore barred.

    IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is GRANTED, and an initial partial payment is WAIVED;

    IT IS FURTHER ORDERED that Plaintiff's Motion to Review (Doc. 1) is DISMISSED without prejudice to Plaintiff's rights under the habeas corpus statutes, and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE